**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UMESH THAPA, | No. 11-72524 |
| Petitioner, | Agency No. A089-294-622 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2015**
San Francisco California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District
Judge.***

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

       ***     The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for the Eastern District of Wisconsin, sitting by designation.

Umesh Thapa petitions for review of the Board of Immigration Appeals'
decision denying asylum, withholding of removal, and protection under the
Convention Against Torture. We deny his petition.

Substantial evidence supported the BIA's determination that Thapa was
ineligible for asylum because he had firmly resettled in Ecuador prior to arriving in
the United States. In Ecuador, Thapa received a category VI "indefinite" visa,
worked for almost three years, and rented a room.

Substantial evidence also supported the BIA's conclusion that Thapa was
ineligible for withholding of removal. Thapa's refusal to participate in the
Maoists' strike in Nepal did not compel a conclusion that there was a nexus
between the Maoists' actions and Thapa's actual or imputed political opinions. *See*
*INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Further, the reports of unrest
and violence in Nepal did not compel a finding that Thapa more likely than not
will be persecuted on account of his political opinion if forced to return to Nepal.

Finally, substantial evidence supported the BIA's conclusion that Thapa is
ineligible for protection under the Convention Against Torture. The record does
not suggest Thapa was tortured in Nepal. Just as the reports of unrest failed to
establish Thapa was more likely than not to be persecuted if he returned to Nepal,

2

they did not show he is more likely than not to be tortured.  *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010).

**Petition DENIED.**